ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

FILED IN CLERK'S OFFICE

JAN 2 7 2005

by: [signature] Jackson

OWNBEY ENTERPRISES, INC.,      :

            Plaintiff      :

vs.      :

WACHOVIA BANK, N.A., AND
BANK OF AMERICA CORPORATION,      :

            Defendants.      :

CIVIL ACTION

FILE NO. _____

**4:05-CV- 025**

## NOTICE OF REMOVAL

COME NOW Wachovia Bank, N.A. and Bank of America Corporation, named as defendants in the above-styled civil action, by and through their counsel of record, within the time prescribed by law, and file this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendants Wachovia Bank, N.A. and Bank of America Corporation, which is not the proper party in this matter, the proper party being Bank of America, N.A., in the Superior Court of Whitfield County, Georgia, which is within the Rome Division of this Court. 28 U.S.C.A. § 90(a)(2). Said lawsuit is styled as above and is numbered as Civil Action File No. 89755-J. Plaintiff's claims against Defendants include claims of conversion and negligence.

2.

Plaintiff filed the Complaint on or about December 8, 2004. Defendant Wachovia Bank, N.A. was served with summons and a copy of the Complaint on December 29, 2004. Defendant Bank of America Corporation was served with summons and a copy of the Complaint on December 20, 2004. Defendants file this Notice of Removal within 30 days of service of the summons and complaint upon Defendant Wachovia Bank, N.A.

3.

Wachovia Bank, N.A. is a National Banking Association with its principal place of business located in Charlotte, North Carolina. Defendant Bank of America Corporation is a foreign corporation with its principal places of business in the State of North Carolina. Defendants were not citizens of the State of Georgia at the time of, or immediately prior to the filing and service of said lawsuit, or any time thereafter.

4.

Plaintiff is a citizen of the State of Georgia.

5.

Complete diversity of citizenship exists between the Plaintiff and Defendants.

6.

Plaintiff claims damages for conversion and negligence. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

-2-

7.

This action is one of which this Court has original jurisdiction pursuant to 28 U.S.C. 1332, and is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. 1441(a); because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.

8.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "A" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the Superior Court of Whitfield County, Georgia for the above-styled case.

9.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

10.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

11.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of Whitfield County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants Wachovia Bank, N.A. and Bank of America Corporation pray that the above-captioned lawsuit be removed to the United States District Court for the Northern Disctrict of Georgia, Rome Division.

McLAIN & MERRITT, P.C.

By: _____

M. David Merritt
State Bar No. 503000
Attorneys for Defendant
Wachovia Bank, N.A.

3445 Peachtree Road, N.E.
Suite 500
Atlanta, Georgia 30326
(404) 266-9171

BALCH & BINGHAM

By: _____

Greg Michell, Esq.
Ga. Bar No. 504053
Attorneys for Defendant
Bank of America Corporation
Signed by M. David Merritt with
express permission

14 Piedmont Center, Suite 1100
3535 Piedmont Road
Atlanta, GA 30305
(404) 261-6020

-4-

19018

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _89155-J_

Date Filed _____

| Superior C | ☒ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | |
| Juvenile Court | ☐ | | |

Georgia _____Whitfield_____ __COUNTY

Ownbey Enterprises, Inc.

Attorney's Address

R. Mike Withrock, Esq.
Avrett, Ponder & Withrock
Post Office Box 705
Dalton, Georgia 30722

Plaintiff

VS.

Wachovia Bank, N.A. and Bank of America

Name and Address of Party to be Served.
Wachovia Bank, N.A. c/o
Corporation Service Company

Corporation

40 Technology Parkway South #300

Norcross, Georgia 30092

Defendant

### SHERIFF'S ENTRY OF SERVICE

Garnishee

**PERSONAL**

I have this day served the defendant_____
of the within action and summons.

personally with a copy

**NOTORIOUS**

I have this day served the defendant_____
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____
age, about_____years; weight_____pounds; height, about_____ feet and_____inches. domiciled at the residence of
defendant.

by leaving a
described as follows

RECEIVED  2004 DEC 28

DEC 31

**CORPORATION**

Served the defendant_____Wachovia Bank NA_____ a corporation
by leaving a copy of the within action and summons with_____Corporation Service Company_____
in charge of the office and place of doing business of said Corporation in this County.

Valerie Holmes

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail. First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This _29_ day of _December_ ,20 _04_.

11:05 A

DEPUTY

SHERIFF DOCKET_____ PAGE_____
WHITE-CLERK    CANARY-PLAINTIFF    PINK--DEFENDANT

## IN THE SUPERIOR COURT FOR THE COUNTY OF WHITFIELD

## STATE OF GEORGIA

OWNBEY ENTERPRISES, INC.                    :
                                            :
     Plaintiff                            :
                                            :
                                            :   **CIVIL ACTION**
vs.                                         :   **FILE NO.** _89755 - 8_
                                            :
WACHOVIA BANK, N.A. and BANK                :
OF AMERICA CORPORATION                      :
                                            :
     Defendants                           :

**Copy of**

## SECOND ORIGINAL SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon

the Plaintiff's attorney, whose name and address is:

<div align="center">

R. Mike Withrock
AVRETT, PONDER & WITHROCK
Attorneys at Law
P. O. Box 705
Dalton, Georgia  30722

</div>

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will

be taken against you for the relief demanded in this complaint.

This ___8___ day of ___Dec_____, 2004.

<div align="center">

BETTY NELSON
Clerk, Whitfield Superior Court


BY: _Betty Nelson_____
      CLERK

</div>

# IN THE SUPERIOR COURT FOR THE COUNTY OF WHITFIELD

## STATE OF GEORGIA

| | |
|---|---|
| OWNBEY ENTERPRISES, INC. | : |
| | : |
| Plaintiff | : |
| | :   CIVIL ACTION |
| vs. | :   FILE NO. _87755-8_ |
| | : |
| WACHOVIA BANK, N.A. and BANK | : |
| OF AMERICA CORPORATION | : |
| | : |
| Defendants | : |

## COMPLAINT

Comes now the Plaintiff, **OWNBEY ENTERPRISES, INC.,** and files this Complaint against the Defendants, **WACHOVIA BANK, N.A.** and **BANK OF AMERICA CORPORATION,** and for grounds thereof shows:

-1-

The Defendant, **WACHOVIA BANK, N.A.,** is a banking concern with offices and a place of doing business located in Whitfield County, Georgia. This Defendant may be served with a copy of Second Original Summons and Complaint by service on Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092 and it is subject to the jurisdiction of this Court.

-2-

The Defendant, **BANK OF AMERICA CORPORATION,** is a banking concern with offices and a place of doing business located in Whitfield County, Georgia. It may be served with a copy of Second Original Summons and Complaint by service on CT Corporation Systems, 1201 Peachtree Street, Atlanta, Georgia 30361 and it is subject to the jurisdiction of this Court.

-3-

The Plaintiff shows that the Defendants are jointly and severally indebted to the Plaintiff in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) as a result of the facts hereinafter alleged.

## COUNT ONE

-4-

The Plaintiff realleges the allegations contained in paragraphs 1 through 3 of Plaintiff's Complaint as if the same were set forth verbatim here.

-5-

At all times material and relevant herein, the Plaintiff maintained a commercial checking account with the Defendant, **WACHOVIA BANK, N.A.,** bearing account number 12 82 338.

-6-

While said account was open and being utilized by the Plaintiff, one Linda Henry prepared a series of checks on said account identifying herself as payee, forged the signature of an authorized account signatory on each check and deposited said checks into an account that she maintained with the Defendant, **BANK OF AMERICA CORPORATION.**

-7-

The Plaintiff shows that the said Linda Henry was not a person authorized to sign checks on said account nor was she entitled to receive payment on the checks that she forged.

-8-

Notwithstanding the fact that the said Linda Henry was not entitled to endorse the checks that she forged nor receive payment thereon, the Defendant, **WACHOVIA BANK, N.A.,** made payment with respect to each such check and the Defendant, **BANK OF AMERICA CORPORATION,**

obtained payment with respect to each such instrument.

-9-

On a monthly basis, the Defendant, **WACHOVIA BANK, N.A.,** furnished Plaintiff with a bank statement reflecting all debits and credits made to said account in the previous month. Along with the statement, the Defendant, **WACHOVIA BANK, N.A.,** furnished Plaintiff with copies of the front of each check paid during such banking cycle but not the back of said checks.

-10-

In furtherance of her scheme to steal from the Plaintiff, the said Linda Henry would surreptitiously obtain the bank statements for said account upon their being delivered by the postal service and change the name of the payee on the forged check copies to make it appear as though the checks were issued and negotiated in the normal course of Plaintiff's business.

-11-

Since the Defendants were the only entities to see the original of each check naming the said Linda Henry as payee and containing her endorsement, each was in a better position to detect Henry's misappropriation of the Plaintiff's monies; and that notwithstanding, the Defendants failed to detect said misappropriations and failed to put Plaintiff in possession of the materials Plaintiff would need to allow Plaintiff to detect such misappropriations.

-12-

As a result, the said Linda Henry was able to steal the sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) from Plaintiff through use of said checks.

## COUNT TWO

### -13-

The Plaintiff realleges the allegations contained in paragraphs 1 through 12 of Plaintiff's Complaint as if the same were set forth verbatim here.

### -14-

The Plaintiff shows that the actions of the Defendants constitute a conversion of Plaintiff's property entitling Plaintiff to recover of the Defendants, jointly and severally, the sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) plus interest at the legal rate.

**WHEREFORE,** the Plaintiff prays judgment against the Defendants in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT THREE

### -15-

The Plaintiff realleges the allegations contained in paragraphs 1 through 14 of its Complaint as if the same were set forth verbatim here.

### -16-

The Plaintiff shows that the failure of the Defendant, **WACHOVIA BANK, N.A.,** to detect such misappropriations and make payment on the forged instruments was commercially unreasonable.

### -17-

As a result thereof, the Plaintiff sustained losses and damages totaling Two Hundred Ninety-

Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

**WHEREFORE,** the Plaintiff prays judgment against the Defendant, **WACHOVIA BANK, N.A.,** in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT FOUR

### -18-

The Plaintiff realleges the allegations contained in paragraphs 1 through 17 of Plaintiff's Complaint as if the same were set forth verbatim here.

### -19-

The Plaintiff shows that the failure of the Defendant, **BANK OF AMERICA CORPORATION,** to ascertain whether the said Linda Henry was entitled to the funds represented by the series of checks it accepted for deposit or even inquire as her to rights therein was commercially unreasonable and as a result of its failure to ascertain or inquire of the said Linda Henry her rights in said checks or the funds represented thereby, the Plaintiff was damaged in the amount of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) or so much of said sum as was deposited into Linda Henry's account after said Defendant knew or should have known of the irregularities in the transactions being made.

**WHEREFORE,** the Plaintiff prays judgment against the Defendant, **BANK OF AMERICA CORPORATION,** in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT FIVE

### -20-

The Plaintiff realleges the allegations contained in paragraphs 1 through 19 of its Complaint as if the same were set forth verbatim here.

### -21-

The Plaintiff further shows that the Defendants' failure and refusal to ascertain the irregularity of the transactions in which they participated or to inquire of said irregularities failed to meet the reasonable commercial standards of fair dealing.

### -22-

As a result of the Defendants' failure to act in a manner as would conform to said standard, the Plaintiff has sustained losses and damages totaling Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

**WHEREFORE,** the Plaintiff prays judgment against the Defendants in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

**AVRETT, PONDER & WITHROCK**

**R. MIKE WITHROCK, ATTORNEY FOR PLAINTIFF**
**STATE BAR OF GA. NO. 772315**

Post Office Box 705
Dalton, Georgia 30722
(706) 226-0335

SHERIFF'S ENTRY OF SERVICE

SC-85-2

Civil Action No. _____ 99755 - J _____

|  | Superior Court | ☒ | Magistrate Court | ☐ |
|---|---|---|---|---|
|  | State Court | ☐ | Probate Court | ☐ |
|  | Juvenile Court | ☐ |  |  |

Date Filed _____ 12-8-04 _____

RECEIVED
DEC 1 6 2004

Georgia, ___Whitfield_____ ___COUNTY

Ownbey Enterprises, Inc.

Attorney's Address
R. Mike Withrock, Esq.
Avrett, Ponder & Withrock
Post Office Box 705
Dalton, Georgia 30722

_____ Plaintiff

VS.

Wachovia Bank, N.A. and Bank of America

Name and Address of Party to be Served.
Bank of America Corporation c/o
CT Corporation Systems

Corporation

_____ Defendant

1201 Peachtree Street

Atlanta, Georgia 30361

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about_____years; weight_____pounds; height, about_____feet and_____inches, domiciled at the residence of
defendant.

FILED
2005 JAN -3
CLERK OF SUPERIOR COURT

**CORPORATION**

Served the defendant Bank of America Corp. _____a corporation
by leaving a copy of the within action and summons with Cindy Zidick CT Corp (030AM
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**

Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This 24 day of DEC 20 04

_____
1232
DEPUTY

## IN THE SUPERIOR COURT FOR THE COUNTY OF WHITFIELD

## STATE OF GEORGIA

OWNBEY ENTERPRISES, INC.                      :
                                              :
    Plaintiff                             :
                                              :
                                              :   CIVIL ACTION
vs.                                           :   FILE NO. _89755-2_
                                              :
WACHOVIA BANK, N.A. and BANK                  :
OF AMERICA CORPORATION                        :
                                              :
    Defendants                            :

### SECOND ORIGINAL SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon

the Plaintiff's attorney, whose name and address is:

<div align="center">

R. Mike Withrock
AVRETT, PONDER & WITHROCK
Attorneys at Law
P. O. Box 705
Dalton, Georgia  30722

</div>

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will

be taken against you for the relief demanded in this complaint.

This __8__ day of __Dec_____, 2004.

<div align="center" style="margin-left:auto;">

BETTY NELSON
Clerk, Whitfield Superior Court

BY: _Betty Nelson_____
    CLERK

</div>

## IN THE SUPERIOR COURT FOR THE COUNTY OF WHITFIELD

### STATE OF GEORGIA

OWNBEY ENTERPRISES, INC.          :
                                  :
    Plaintiff                     :
                                  :
                                  :   **CIVIL ACTION**
vs.                               :   **FILE NO.** _89755-8_
                                  :
**WACHOVIA BANK, N.A. and BANK**   :
**OF AMERICA CORPORATION**         :
                                  :
    Defendants                    :

### COMPLAINT

Comes now the Plaintiff, **OWNBEY ENTERPRISES, INC.**, and files this Complaint against the Defendants, **WACHOVIA BANK, N.A.** and **BANK OF AMERICA CORPORATION**, and for grounds thereof shows:

-1-

The Defendant, **WACHOVIA BANK, N.A.**, is a banking concern with offices and a place of doing business located in Whitfield County, Georgia. This Defendant may be served with a copy of Second Original Summons and Complaint by service on Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092 and it is subject to the jurisdiction of this Court.

-2-

The Defendant, **BANK OF AMERICA CORPORATION**, is a banking concern with offices and a place of doing business located in Whitfield County, Georgia. It may be served with a copy of Second Original Summons and Complaint by service on CT Corporation Systems, 1201 Peachtree Street, Atlanta, Georgia 30361 and it is subject to the jurisdiction of this Court.

-3-

The Plaintiff shows that the Defendants are jointly and severally indebted to the Plaintiff in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) as a result of the facts hereinafter alleged.

## COUNT ONE

-4-

The Plaintiff realleges the allegations contained in paragraphs 1 through 3 of Plaintiff's Complaint as if the same were set forth verbatim here.

-5-

At all times material and relevant herein, the Plaintiff maintained a commercial checking account with the Defendant, **WACHOVIA BANK, N.A.,** bearing account number 12 82 338.

-6-

While said account was open and being utilized by the Plaintiff, one Linda Henry prepared a series of checks on said account identifying herself as payee, forged the signature of an authorized account signatory on each check and deposited said checks into an account that she maintained with the Defendant, **BANK OF AMERICA CORPORATION.**

-7-

The Plaintiff shows that the said Linda Henry was not a person authorized to sign checks on said account nor was she entitled to receive payment on the checks that she forged.

-8-

Notwithstanding the fact that the said Linda Henry was not entitled to endorse the checks that she forged nor receive payment thereon, the Defendant, **WACHOVIA BANK, N.A.,** made payment with respect to each such check and the Defendant, **BANK OF AMERICA CORPORATION,**

obtained payment with respect to each such instrument.

-9-

On a monthly basis, the Defendant, **WACHOVIA BANK, N.A.,** furnished Plaintiff with a bank statement reflecting all debits and credits made to said account in the previous month. Along with the statement, the Defendant, **WACHOVIA BANK, N.A.,** furnished Plaintiff with copies of the front of each check paid during such banking cycle but not the back of said checks.

-10-

In furtherance of her scheme to steal from the Plaintiff, the said Linda Henry would surreptitiously obtain the bank statements for said account upon their being delivered by the postal service and change the name of the payee on the forged check copies to make it appear as though the checks were issued and negotiated in the normal course of Plaintiff's business.

-11-

Since the Defendants were the only entities to see the original of each check naming the said Linda Henry as payee and containing her endorsement, each was in a better position to detect Henry's misappropriation of the Plaintiff's monies; and that notwithstanding, the Defendants failed to detect said misappropriations and failed to put Plaintiff in possession of the materials Plaintiff would need to allow Plaintiff to detect such misappropriations.

-12-

As a result, the said Linda Henry was able to steal the sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) from Plaintiff through use of said checks.

## COUNT TWO

### -13-

The Plaintiff realleges the allegations contained in paragraphs 1 through 12 of Plaintiff's Complaint as if the same were set forth verbatim here.

### -14-

The Plaintiff shows that the actions of the Defendants constitute a conversion of Plaintiff's property entitling Plaintiff to recover of the Defendants, jointly and severally, the sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) plus interest at the legal rate.

**WHEREFORE,** the Plaintiff prays judgment against the Defendants in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT THREE

### -15-

The Plaintiff realleges the allegations contained in paragraphs 1 through 14 of its Complaint as if the same were set forth verbatim here.

### -16-

The Plaintiff shows that the failure of the Defendant, **WACHOVIA BANK, N.A.,** to detect such misappropriations and make payment on the forged instruments was commercially unreasonable.

### -17-

As a result thereof, the Plaintiff sustained losses and damages totaling Two Hundred Ninety-

Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

**WHEREFORE**, the Plaintiff prays judgment against the Defendant, **WACHOVIA BANK, N.A.**, in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT FOUR

### -18-

The Plaintiff realleges the allegations contained in paragraphs 1 through 17 of Plaintiff's Complaint as if the same were set forth verbatim here.

### -19-

The Plaintiff shows that the failure of the Defendant, **BANK OF AMERICA CORPORATION**, to ascertain whether the said Linda Henry was entitled to the funds represented by the series of checks it accepted for deposit or even inquire as her to rights therein was commercially unreasonable and as a result of its failure to ascertain or inquire of the said Linda Henry her rights in said checks or the funds represented thereby, the Plaintiff was damaged in the amount of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) or so much of said sum as was deposited into Linda Henry's account after said Defendant knew or should have known of the irregularities in the transactions being made.

**WHEREFORE**, the Plaintiff prays judgment against the Defendant, **BANK OF AMERICA CORPORATION**, in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT FIVE

### -20-

The Plaintiff realleges the allegations contained in paragraphs 1 through 19 of its Complaint as if the same were set forth verbatim here.

### -21-

The Plaintiff further shows that the Defendants' failure and refusal to ascertain the irregularity of the transactions in which they participated or to inquire of said irregularities failed to meet the reasonable commercial standards of fair dealing.

### -22-

As a result of the Defendants' failure to act in a manner as would conform to said standard, the Plaintiff has sustained losses and damages totaling Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

**WHEREFORE,** the Plaintiff prays judgment against the Defendants in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

**AVRETT, PONDER & WITHROCK**

**R. MIKE WITHROCK, ATTORNEY
FOR PLAINTIFF
STATE BAR OF GA. NO. 772315**

Post Office Box 705
Dalton, Georgia 30722
(706) 226-0335

# General Civil Case Filing Information Form (Non-Domestic)

**Court**        County ___Whitfield_____   **Date Filed** _____
☑ **Superior**                                          MM-DD-YYYY
☐ **State**      Docket # _89755-8_

## Plaintiff(s)

Ownbey Enterprises, Inc.
Last    First    Middle L. Suffix Prefix        Maiden

_____
Last    First    Middle L. Suffix Prefix        Maiden

_____
Last    First    Middle L. Suffix Prefix        Maiden

_____
Last    First    Middle L. Suffix Prefix        Maiden

**No. of Plaintiffs** ___1___

## Defendant(s)

Wachovia Bank, N.A.
Last    First    Middle L. Suffix Prefix        Maiden

Bank of America Corporation
Last    First    Middle L. Suffix Prefix        Maiden

_____
Last    First    Middle L. Suffix Prefix        Maiden

_____
Last    First    Middle L. Suffix Prefix        Maiden

**No. of Defendants** ___2___

**Plaintiff/Petitioner's Attorney**    ☐ Pro Se

Withrock    R.    Mike
Last        First    Middle L.   Suffix

**Bar #** ___772315_____

---

### Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

### If Tort is Case Type:
(Check no more than **TWO**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify _CONVERSION_

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

If this case involves substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court (whether pending simultaneously or not), please complete the following:

Case No._____

Still Pending?_____Yes_____No

Parties:_____

VS_____

## IN THE SUPERIOR COURT FOR THE COUNTY OF WHITFIELD

### STATE OF GEORGIA

OWNBEY ENTERPRISES, INC.   :
            :
   Plaintiff       :
            :
            : **CIVIL ACTION**
vs.           : **FILE NO.** _89755-8_
            :
WACHOVIA BANK, N.A. and BANK :
OF AMERICA CORPORATION  :
            :
   Defendants     :

### SUMMONS

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said Court and serve upon

the Plaintiff's attorney, whose name and address is:

<div align="center">

R. Mike Withrock
AVRETT, PONDER & WITHROCK
Attorneys at Law
P. O. Box 705
Dalton, Georgia  30722

</div>

an answer to the Complaint which is herewith served upon you, within 30 days after service of this

summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will

be taken against you for the relief demanded in this complaint.

This _8_ day of _Dec_____, 2004.

<div align="center">

BETTY NELSON
Clerk, Whitfield Superior Court

BY: _Betty Nelson_____
   CLERK

</div>

## IN THE SUPERIOR COURT FOR THE COUNTY OF WHITFIELD

### STATE OF GEORGIA

OWNBEY ENTERPRISES, INC.   :
              :
   Plaintiff         :
              :
vs.              :  CIVIL ACTION
              :  FILE NO. __87755-8__
              :
WACHOVIA BANK, N.A. and BANK :
OF AMERICA CORPORATION   :
              :
   Defendants       :

### COMPLAINT

Comes now the Plaintiff, **OWNBEY ENTERPRISES, INC.,** and files this Complaint against the Defendants, **WACHOVIA BANK, N.A.** and **BANK OF AMERICA CORPORATION,** and for grounds thereof shows:

-1-

The Defendant, **WACHOVIA BANK, N.A.,** is a banking concern with offices and a place of doing business located in Whitfield County, Georgia. This Defendant may be served with a copy of Second Original Summons and Complaint by service on Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092 and it is subject to the jurisdiction of this Court.

-2-

The Defendant, **BANK OF AMERICA CORPORATION,** is a banking concern with offices and a place of doing business located in Whitfield County, Georgia. It may be served with a copy of Second Original Summons and Complaint by service on CT Corporation Systems, 1201 Peachtree Street, Atlanta, Georgia 30361 and it is subject to the jurisdiction of this Court.

-3-

The Plaintiff shows that the Defendants are jointly and severally indebted to the Plaintiff in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) as a result of the facts hereinafter alleged.

## COUNT ONE

-4-

The Plaintiff realleges the allegations contained in paragraphs 1 through 3 of Plaintiff's Complaint as if the same were set forth verbatim here.

-5-

At all times material and relevant herein, the Plaintiff maintained a commercial checking account with the Defendant, **WACHOVIA BANK, N.A.,** bearing account number 12 82 338.

-6-

While said account was open and being utilized by the Plaintiff, one Linda Henry prepared a series of checks on said account identifying herself as payee, forged the signature of an authorized account signatory on each check and deposited said checks into an account that she maintained with the Defendant, **BANK OF AMERICA CORPORATION.**

-7-

The Plaintiff shows that the said Linda Henry was not a person authorized to sign checks on said account nor was she entitled to receive payment on the checks that she forged.

-8-

Notwithstanding the fact that the said Linda Henry was not entitled to endorse the checks that she forged nor receive payment thereon, the Defendant, **WACHOVIA BANK, N.A.,** made payment with respect to each such check and the Defendant, **BANK OF AMERICA CORPORATION,**

obtained payment with respect to each such instrument.

-9-

On a monthly basis, the Defendant, **WACHOVIA BANK, N.A.,** furnished Plaintiff with a bank statement reflecting all debits and credits made to said account in the previous month. Along with the statement, the Defendant, **WACHOVIA BANK, N.A.,** furnished Plaintiff with copies of the front of each check paid during such banking cycle but not the back of said checks.

-10-

In furtherance of her scheme to steal from the Plaintiff, the said Linda Henry would surreptitiously obtain the bank statements for said account upon their being delivered by the postal service and change the name of the payee on the forged check copies to make it appear as though the checks were issued and negotiated in the normal course of Plaintiff's business.

-11-

Since the Defendants were the only entities to see the original of each check naming the said Linda Henry as payee and containing her endorsement, each was in a better position to detect Henry's misappropriation of the Plaintiff's monies; and that notwithstanding, the Defendants failed to detect said misappropriations and failed to put Plaintiff in possession of the materials Plaintiff would need to allow Plaintiff to detect such misappropriations.

-12-

As a result, the said Linda Henry was able to steal the sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) from Plaintiff through use of said checks.

## COUNT TWO

### -13-

The Plaintiff realleges the allegations contained in paragraphs 1 through 12 of Plaintiff's Complaint as if the same were set forth verbatim here.

### -14-

The Plaintiff shows that the actions of the Defendants constitute a conversion of Plaintiff's property entitling Plaintiff to recover of the Defendants, jointly and severally, the sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) plus interest at the legal rate.

**WHEREFORE,** the Plaintiff prays judgment against the Defendants in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT THREE

### -15-

The Plaintiff realleges the allegations contained in paragraphs 1 through 14 of its Complaint as if the same were set forth verbatim here.

### -16-

The Plaintiff shows that the failure of the Defendant, **WACHOVIA BANK, N.A.,** to detect such misappropriations and make payment on the forged instruments was commercially unreasonable.

### -17-

As a result thereof, the Plaintiff sustained losses and damages totaling Two Hundred Ninety-

Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

**WHEREFORE,** the Plaintiff prays judgment against the Defendant, **WACHOVIA BANK, N.A.,** in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT FOUR

### -18-

The Plaintiff realleges the allegations contained in paragraphs 1 through 17 of Plaintiff's Complaint as if the same were set forth verbatim here.

### -19-

The Plaintiff shows that the failure of the Defendant, **BANK OF AMERICA CORPORATION,** to ascertain whether the said Linda Henry was entitled to the funds represented by the series of checks it accepted for deposit or even inquire as her to rights therein was commercially unreasonable and as a result of its failure to ascertain or inquire of the said Linda Henry her rights in said checks or the funds represented thereby, the Plaintiff was damaged in the amount of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19) or so much of said sum as was deposited into Linda Henry's account after said Defendant knew or should have known of the irregularities in the transactions being made.

**WHEREFORE,** the Plaintiff prays judgment against the Defendant, **BANK OF AMERICA CORPORATION,** in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

## COUNT FIVE

### -20-

The Plaintiff realleges the allegations contained in paragraphs 1 through 19 of its Complaint as if the same were set forth verbatim here.

### -21-

The Plaintiff further shows that the Defendants' failure and refusal to ascertain the irregularity of the transactions in which they participated or to inquire of said irregularities failed to meet the reasonable commercial standards of fair dealing.

### -22-

As a result of the Defendants' failure to act in a manner as would conform to said standard, the Plaintiff has sustained losses and damages totaling Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

**WHEREFORE,** the Plaintiff prays judgment against the Defendants in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), prejudgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

**AVRETT, PONDER & WITHROCK**

**R. MIKE WITHROCK, ATTORNEY**
**FOR PLAINTIFF**
**STATE BAR OF GA. NO. 772315**

Post Office Box 705
Dalton, Georgia 30722
(706) 226-0335