## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **OWNBEY ENTERPRISES, INC.** | : | |
| | : | |
| Plaintiff | : | |
| | : | **CIVIL ACTION** |
| **vs.** | : | **FILE NO. 4:05-CV-025-HLM** |
| | : | |
| **WACHOVIA BANK, N.A. and BANK** | : | |
| **OF AMERICA, N.A.** | : | |
| | : | |
| Defendants | : | |

## AMENDMENT TO COMPLAINT

Comes now the Plaintiff, **OWNBEY ENTERPRISES, INC.,** and files this
Amendment to Plaintiff's Complaint and for grounds thereof shows:

**-1-**

The Plaintiff amends its Complaint by adding thereto as Count V, the
following:

## COUNT V

-23-

In order to provide factual content and background information for the claims
asserted herein, the Plaintiff realleges the allegations contained in paragraphs 1
through 22 of its original Complaint as if the same were set forth verbatim here.

-24-

O.C.G.A. § 11-3-306 provides as follows:

> A person taking an instrument, other than a person having rights of a holder in due course, is subject to a claim of a property or possessory right in the instrument or its proceeds, including a claim to rescind a negotiation and to recover the instrument or its proceeds.  A person having rights as a holder in due course takes free of the claim to the instrument.

-25-

The Plaintiff shows that the Defendant, **BANK OF AMERICA, N.A.,** took the checks under investigation in this case subject to Plaintiff's claim of a property or possessory right to said checks or their proceeds as contemplated by O.C.G.A. § 11-3-306 and Plaintiff has a claim to said checks or their proceeds under said code section.

-26-

The Plaintiff further shows that the Defendant, **BANK OF AMERICA, N.A.,** did not occupy the status as a holder in due course at the time it took said checks from the said Linda Henry.

-27-

-2-

As a result thereof, Plaintiff shows that it is entitled to recover of the Defendant, **BANK OF AMERICA, N.A.,** the proceeds of said checks totaling Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

**WHEREFORE,** Plaintiff prays judgment against the Defendant, **BANK OF AMERICA, N.A.,** in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), pre-judgment interest at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

**-2-**

The Plaintiff further amends its Complaint by adding thereto as Count VI (previously designated Count VII in Exhibit "A" to Plaintiff's Motion for Leave to Amend Complaint), the following:

## COUNT VI

-28-

For purposes of providing a factual context and background information for the claims asserted herein, the Plaintiff realleges the allegations contained in paragraphs 1 through 22 of its original Complaint as if the same were set forth verbatim here.

-3-

-29-

The Plaintiff shows that the Defendant, **BANK OF AMERICA, N.A.**, knew or should have known from Ms. Henry's prior banking practices with **BANK OF AMERICA, N.A.** that the checks were forgeries and that she had no right to the proceeds of the checks being accepted for deposit.

-30-

The Plaintiff further shows that O.C.G.A. § 11-3-406 authorizes the allocation of loss in the event a depository bank in the position of **BANK OF AMERICA, N.A.** fails to exercise ordinary care in paying or taking instruments such as the forged checks taken from the said Linda Henry.

-31-

The Plaintiff shows that the Defendant, **BANK OF AMERICA, N.A.,** failed to exercise ordinary care in taking the checks from the said Linda Henry and that Plaintiff has a claim against **BANK OF AMERICA, N.A.** under O.C.G.A. § 11-3-406 because its failure to exercise ordinary care was the direct cause of the loss sustained by Plaintiff or substantially contributed to said loss.

**WHEREFORE,** the Plaintiff prays judgment against the Defendant, **BANK OF AMERICA, N.A.,** in the principal sum of Two Hundred Ninety-Two Thousand

One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), or so much of said sum as is allocated to **BANK OF AMERICA, N.A.** on the basis that its failure to exercise ordinary care contributed to Plaintiff's loss, that Plaintiff' recover pre-judgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

**-3-**

The Plaintiff further amends its Complaint by adding thereto as Count VII (previously designated as Count VIII in Exhibit "A" to Plaintiff's Motion for Leave to Amend), the following:

## COUNT VII

-32-

For purposes of providing factual context and background information for the claims asserted herein, the Plaintiff realleges the allegations contained in paragraphs 1 through 22 of Plaintiff's original Complaint as if the same were set forth verbatim here.

-33-

The Plaintiff shows that the checks charged against its account by the Defendant, **WACHOVIA BANK, N.A.,** were not properly payable from Plaintiff's

account within the meaning of O.C.G.A. § 11-4-401 and the Defendant, **WACHOVIA BANK, N.A.,** is strictly liable to Plaintiff for making payment on the checks forged by the said Linda Henry.

-34-

As a result, the Plaintiff shows that it is entitled to recover of the Defendant, **WACHOVIA BANK, N.A.,** the face amount of said checks totaling Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19).

-35-

The Plaintiff further shows that Plaintiff has made demand upon the Defendant, **WACHOVIA BANK, N.A.,** to reimburse it for those checks not properly payable from its account and despite Plaintiff's demand, the Defendant, **WACHOVIA BANK, N.A.,** has failed and refused to restore those funds to its account.

**WHEREFORE,** Plaintiff prays judgment against the Defendant, **WACHOVIA BANK, N.A.,** in the principal sum of Two Hundred Ninety-Two Thousand One Hundred Twenty-Six Dollars and Nineteen One-Hundreds ($292,126.19), pre-judgment interest on said sum at the legal rate, its expenses of litigation to include reasonable attorney's fees, plus the costs of this action.

**-4-**

For purposes of this Amendment to Complaint, Plaintiff withdraws from consideration its reliance on O.C.G.A. § 11-3-403 on the grounds that said code section does not appear applicable to the facts and circumstances of this case.

This 17th day of June, 2005.

**s/ R. Mike Withrock**
**STATE BAR OF GA. NO. 772315**

Avrett, Ponder & Withrock
Post Office Box 705
Dalton, Georgia 30722-0705
(706) 226-0335

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

**OWNBEY ENTERPRISES, INC.**    **:**
             **:**
   Plaintiff        **:**
             **:**   **CIVIL ACTION**
**vs.**           **:**   **FILE NO. 4:05-CV-025-HLM**
             **:**
**WACHOVIA BANK, N.A. and BANK** **:**
**OF AMERICA, N.A.**      **:**
             **:**
   Defendants      **:**

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I certify that this Amendment to Complaint has been typewritten in 14 point Times New Roman font and does not contain more than ten (10) characters per inch of type, in accordance with LR 5.1(B).

This 17th day of June, 2005.

         **S/ R. Mike Withrock**
         **STATE BAR OF GA. NO. 772315**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2004, I electronically filed **AMENDMENT TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

      M. David Merritt
      Dmerritt@mclain-merritt.com

      Greg Michell
      gmichell@balch.com

                       **s/ R. Mike Withrock**
                       **STATE BAR OF GA. NO. 772315**

Avrett, Ponder & Withrock
Post Office Box 705
Dalton, Georgia 30722-0705
(706) 226-0335