FILED IN CLERK'S OFFICE
- Rome

U.S. ____, ____, Clerk
By: ____ ____ , Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| **OWNBEY ENTERPRISES, INC.** | : |
| | : |
| Plaintiff | : |
| | : **CIVIL ACTION** |
| **vs.** | : **FILE NO. 4:05-CV-025-HLM** |
| | : |
| **WACHOVIA BANK, N.A. and BANK** | : |
| **OF AMERICA, N.A.** | : conference (is)(is not) |
| | : requested |
| Defendants | : |

## PRE-TRIAL ORDER

-1-

There are no motions or other matters pending for consideration by the court

except as noted:

-2-

All discovery has been completed, unless otherwise noted, and the court will

not consider any further motions to compel discovery. (Refer to LR 37.1B).

Provided there is no resulting delay in readiness for trial, the parties shall, however,

be permitted to take the depositions of any persons for the preservation of evidence

and for use at trial. The depositions of expert witnesses remain to be taken and may

be taken for the purpose of discovery.

-3-

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

-4-

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections.  (When there are multiple claims, list each claim and its jurisdictional basis separately). 28 U.S.C. §§1332 and 1441.

-5-

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: R. Mike Withrock, Esq., Avrett, Ponder & Withrock, 402 West Cuyler Street, Dalton, Georgia 30720, (706) 226-0335.

Defendant: M. David Merritt. McClain & Merritt, P.C. 3445 Peachtree Road N.E., Suite 500, Atlanta, Georgia 30326, (404)-266-9171.

Other parties: (specify)

-6-

-2-

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.  None.

-7-

The captioned case shall be tried ( X ) to a jury or (___) to the court without a jury, or (__) the right to trial by jury is disputed.

-8-

State whether the parties request that the trial to a jury be bifurcated, i.e., that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.  Not applicable.

-9-

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

-10-

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination..

Attached hereto as Attachment "B-2" are the general questions which

-3-

defendant wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-3" and "B-4", etc. are the general questions which the remaining parties, if any, wish to be propounded to the jurors on voir dire examination.

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

-11-

State any objections to plaintiff's voir dire questions.

State any objections to defendant's voir dire questions.

State any objections to the voir dire questions of the other parties, if any.


-12-

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise.

-4-

The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S. C § 1870. See Fed.R.Civ.P. 47(b). Not applicable.

-13-

State whether there is any pending related litigation. Describe briefly, including style and civil action number. None.

-14-

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation or any decision authorizing a recovery for that particular item of damage. Items of damage not

-5-

identified in this manner shall not be recoverable.

-15-

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statues, ordinances and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.


-16-

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate

fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

-17-

The legal issues to be tried are as follows:

(a) Whether the Bank improperly charged Plaintiff's account for the checks forged by Linda Henry;

(b) Whether Plaintiff failed with respect to any of the items for which recovery is sought to exercise reasonable promptness in examining the items to determine whether any payment was unauthorized because of an alteration of an item or because a purported signature by or on behalf of the customer was not authorized. (O.C.G.A. § 11-4-406(d);

(c) Whether or not the Bank failed to exercise ordinary care in paying the items and whether such failure substantially contributed to the loss for which Plaintiff seeks recovery.  (O.C.G.A. § 11-4-406(e));

(d)  If the bank failed to exercise ordinary care in paying the items which failure substantially contributed to the Plaintiff's loss, what percentage of the loss should be allocated to the Plaintiff and what percentage allocated to the bank. O.C.G.A. § 11-4-406(e); and

-7-

(e) Whether the Plaintiff breached the Deposit Agreement on the applicable checking account.

-18-

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonably specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

-8-

-19-

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to the authenticity, privilege, competency, and, to the extent

possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

-20-

The following designated portions of the testimony of the persons listed below may be introduced by deposition: If unavailable, Plaintiff seeks permission to introduce the deposition testimony of Carnella Banks and Ray Gatland. Defendant reserves the right to introduce all or part of the deposition testimony of J. Rodney Ownbey should the same be appropriate and to use the deposition testimony of J. Rodney Ownbey for the purpose of impeachment.

-10-

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

-21-

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

-22-

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is

calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, NDGa will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

-23-

If counsel desires for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order.  If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

-24-

-12-

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

-25-

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

-26-

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on May 31, 2006, to discuss in good faith the possibility of settlement of this case. The court (_____) has or (__X__) has not discussed settlement of this case with counsel. It appears at this time that there is:

(_____) A good possibility of settlement.

(__X__) Some possibility of settlement.

(_____) Little possibility of settlement.

(_____) No possibility of settlement.

-27-

Unless otherwise noted, the court will not consider this case for a special

-13-

setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

-28-

The plaintiff estimates that it will require one day to present its evidence. The defendant estimates that it will require one day to present its evidence. The other parties estimate that it will require ____ days to present their evidence. It is estimated that the total trial time is two and one-half (2 ½) days.

-29-

**IT IS HEREBY ORDERED** that the above constitutes the pretrial order for the above captioned case ( X ) submitted by stipulation of the parties or (____) approved by the court after conference with the parties.;

**IT IS FURTHER ORDERED** that the foregoing including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform thereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

-14-

**IT IS SO ORDERED** this ____ day of _____ 2006.

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the

foregoing pretrial order, which has been prepared in accordance with the form pretrial

order adopted by this court.

s/ R. Mike Withrock

COUNSEL FOR PLAINTIFF
R. MIKE WITHROCK

AVRETT, PONDER & WITHROCK
Post Office Box 705
Dalton, Georgia 30722
(706) 226-0335

s/ M. David Merritt

COUNSEL FOR DEFENDANT
M. DAVID MERRITT

McLAIN & MERRITT, P.C.
3445 Peachtree Road, N.E.,
Suite 500
Atlanta, Georgia 30326
(404) 266-9171

-15-

## ATTACHMENT "A"

1.    Is any member of this panel related by blood or marriage to an officer, director, shareholder of Ownbey Enterprises, Inc.?

2.    Is any member of this panel related by blood or marriage to an officer, director or shareholder of Wachovia Bank, N.A.?

3.    Does any member of this panel maintain a bank account or banking relationship with Wachovia Bank, N.A.?

4.    Is any member of this panel employed by Ownbey Enterprises, Inc. or related by blood or marriage to an employee of Ownbey Enterprises, Inc.?

5.    Is any member of this panel employed by Wachovia Bank, N.A. or related by blood or marriage to an employee of Wachovia Bank, N.A.?

6.    Any member of this panel a customer of Ownbey or have a business relationship with Ownbey?

-16-

## ATTACHMENT "B-1"

1.  Any member of this panel ever work at a bank?

2.  For those of you that raised your hands, please identify the bank and what you did for the bank.

3.  Any member of this panel have a family member that works or has worked at a bank

4.  For those of you that raised your hands, please identify the family member that worked in a bank and the position he or she held.

5.  Has any member of this panel worked at any type financial institution other than a bank, whether it be a credit union, savings and loan association, etc.?

6.  For those of you who raised your hands, describe what you did for that financial institution.

7.  Any member of the panel own their own business?

8.  For those of you who own your own business, who reconciles the company's checking account?

9.  Any member of this panel responsible for reconciling a business checking account as part of your job responsibilities?

10.  For those of you that raised your hands, do you have check signing authority on the account?

11.  Any member of this panel work in risk management or hold a position where your job duties are to detect theft and other fraudulent practices?

12.  For those of you that raised your hands, briefly describe the position held.

13.  Any member of this panel that doesn't believe in filing suit under any circumstance?

14.  Of the members that raised your hands, would that belief make it difficult for you to listen to the evidence presented and base your verdict solely upon the evidence and the instructions the court will give to you?

15.  The name of my firm is Avrett, Ponder & Withrock; the members of my firm included John Avrett who passed away a little over seven (7) years ago, William A. Ponder and W. Bartlett Barnwell. Has any member of this panel ever been involved in a matter where I or any other member of my firm represented the other side?

16.  For those members that raised their hands, please tell me who it was and briefly describe the circumstances.

-18-

### ATTACHMENT "B-2"

1.    Please raise your hand if you have served on a jury before.

2.    Any member of the jury panel who does not have, or never had a checking account, please raise your hand.

3.    Of the members of the jury panel who have, or have had checking accounts, is there anyone who did not receive a monthly statement on that checking account.

4.    Did any member of the jury panel who received a monthly statement, not open the statement and look at the contents within a few days.

5.    Has any member of the jury panel ever had one of their checks forged?

6.    Has any member of the jury panel ever had a disagreement with a bank, savings and loan, credit union, or other financial institution over a checking account; or for any other reason?

7.    Has any member of the jury panel ever sued a bank or other financial institution?

8.    Has any member of the jury panel ever heard of Ownbey Enterprises, Inc., a petroleum products distributor, in Dalton, Georgia?

9.    Has any member of the jury ever heard of the following who are or were

associated with Ownbey Enterprises, Inc: J. Rodney Ownbey, Donna

Lange, Linda Henry, Jack Martin, Charlene Ownbey or Kim Hicks.

10.    Has anyone ever heard of R. Mike Withrock, the Plaintiff's attorney; or

the law firm of Avrett, Ponder & Withrock from Dalton, Georgia?

11.    Has any member of the jury ever been a plaintiff in a lawsuit, i.e. filed

a lawsuit?

12.    Has any member of the jury ever been a defendant in a lawsuit, i.e. been

sued?

### ATTACHMENT "C"

During the period from November 2001 through September 2002, Plaintiff maintained a commercial checking account with Defendant, **WACHOVIA BANK, N.A.**. While said account was being utilized by the Plaintiff, Linda Henry prepared a series of checks on said account identifying herself as payee, forged the signature of an authorized signatory on each check and deposited said checks to an account she maintained with Bank of America, N.A.

On a monthly basis, Wachovia Bank, N.A. furnished Plaintiff with a bank statement reflecting all debits and credits made to said account in the previous month. Along with the statement, Wachovia Bank, N.A. furnished Plaintiff with reduced images of the front of each check paid during the banking cycle but not the reverse side of the checks. In furtherance of her scheme to steal from the Plaintiff, Linda Henry intercepted the bank statements and changed the payee on the imaged check from herself to make it appear the check was paid to one of Plaintiff's legitimate vendors.

The Plaintiff contends that the checks were not properly payable and Wachovia is liable to Plaintiff for those checks that were not properly payable, pursuant to O.C.G.A. § 11-4-401. Should Wachovia contend  that Plaintiff failed to exercise

diligence in determining whether any of the checks were not authorized, Plaintiff contends that the Bank's failure to exercise ordinary care in paying the items proximately caused Plaintiff's loss as contemplated by O.C.G.A. § 11-4-406(e).

The court has previously ruled that the Plaintiff is not entitled to recover on those forged items made available to Plaintiff more than sixty (60) days prior to September 24, 2002, the date on which Plaintiff notified Wachovia of Ms. Henry's fraudulent scheme. Of the forged checks, there are eight (8) checks totaling Eighty-One Thousand Five Hundred Sixty-Nine and Sixty One-Hundreds Dollars ($81,569.61) that were made available to Plaintiff within sixty days of September 24, 2002. At trial, Plaintiff shall seek to recover the face amount of those items.

## ATTACHMENT "D"

### Defendant Wachovia Outline of Case:

Linda Henry, Plaintiff Ownbey Enterprises, Inc.'s Chief Financial Officer, forged the signatures of either J. Rodney Ownbey or Donna Lange on 27 separate checks from November 8, 2001, through September 16, 2002, totaling $292,126.19.

Ms. Henry would make each check payable to herself and deposited the check in her bank account with Bank of America.

When the monthly banking statements arrived at Ownbey Enterprises, Inc., Ms. Henry would open them, pull out the checks images of the checks she had forged, white out her name as payee, write in the name of a legitimate company vendor as payee, re-copy the check image, insert the doctored check image back into the monthly statement envelope and give the envelope to Donna Lange, whose job it was to reconcile the bank statements.

The blank checks were easily accessible to anyone in the office and were often handwritten. Ownbey Enterprises, Inc. failed to recognize the embezzlement and forgeries until late September, 2002 and did not notify Wachovia Bank until September 24, 2002, some ten months after the embezzlement and forgeries began.

In addition to the forgoing, the Defendant also contends that Plaintiff breached

Case 4:05-cv-00025-HLM     Document 128     Filed 05/31/2006     Page 25 of 35

its deposit agreement with Wachovia by failing to promptly notify Wachovia of the forgeries.

## Defendant Wachovia's Authorities:

O.C.G.A. § 11-4-406(c)

O.C.G.A. § 11-4-406(d)

O.C.G.A. § 11-4-406(e)

Spacemakers of A.M. Ins. v. SunTrust Bank, 271 Ga. App. 335; 609 S.E. 2d 683;

Marx v. Whitney Natl. Bank, 713 So 2d at 1147.

## ATTACHMENT "E"

Stipulations Between the Parties:

1.     Ownbey Enterprises, Inc. at all times relevant herein maintained Check Account No. 12-852-338 with the Defendant, Wachovia Bank, N.A.

2.     Only J. Rodney Owbney and Donna Lange were permitted to sign checks on said account.

3.     Linda Henry was the chief financial officer of Ownbey Enterprises, Inc.

4.     Defendant, Wachovia Bank, N.A., sent monthly bank statements to Ownbey Enterprises, Inc., containing a list of checks paid and reduced images of the front of each check paid.

5.     Ownbey Enterprises, Inc. received each monthly bank statement from Wachovia Bank, N.A. for said checking account.

6.     Linda Henry forged the signatures of J. Rodney Ownbey and Donna Lange on a series of 27 checks beginning with check no. 3147 dated November 8, 2001, and ending with check no. 5117, dated September 16, 2002.

7.     Wachovia Bank paid said checks.

8.     Ownbey Enterprises, Inc. first reported the forgeries to Wachovia Bank,

N.A. on September 24, 2002.

### ATTACHMENT "F-1"

1) Plaintiff will have present at trial:

   Plaintiff, J. Rodney Ownbey, Post Office Box 1146, Dalton, Georgia
   30722

2) Plaintiff may have present at trial:

   Jack Martin, address unknown.

   Kim Hicks, Post Office Box 1146, Dalton, Georgia 30722

   Donna Lange, 1703 Beverly Drive, Dalton, Georgia 30720.

   Charlene Ownbey, 1516 Ryman Ridge Road, Dalton, Georgia 30720

   Don Coker, 423 Latimer Street, Woodstock, Georgia 30188-5052

   Ray Gatland, c/o Wachovia Bank, N.A.

   Carnella Banks, c/o Wachovia Bank, N.A.

## ATTACHMENT "F-2"

1.   Defendant, Wachovia Bank, N.A. <u>will</u> have present at trial:

   No one.

2.   Defendant, Wachovia Bank, N.A., <u>may</u> have present at trial:

   Ray Gatland, 809 West 4 ½ Street, Winston-Salem, NC

   Carnella Banks, 3579 Atlanta Avenue, Hapeville, GA

   Shanna Hearn, Wachovia Main Office, 201 S. Hamilton Street, Dalton, GA

   Michelle Reed, Wachovia Main Office, 201 S. Hamilton Street, Dalton, GA

   Linda Henry, Georgia State Prison, Hawkinsville, GA

   Donna Lange, 1703 Beverly Drive, Dalton, GA

   Kim Hicks, P.O. Box 1146, Dalton, GA

   Yet unascertained banking expert.

Case 4:05-cv-00025-HLM   Document 128   Filed 05/31/2006   Page 30 of 35

## ATTACHMENT "G-1"

### Ownbey Enterprises List of Documentary Evidence

(1)   Ownbey Check No. 4691;

(2)   Ownbey Check No. 4693;

(3)   Ownbey Check No. 4694;

(4)   Ownbey Check No. 4835;

(5)   Ownbey Check No. 4846;

(6)   Ownbey Check No. 5029;

(7)   Ownbey Check No. 5032;

(8)   Ownbey Check No. 5117;

(9)   Ownbey Bank Statement Dated June 30, 2002;

(10)  Ownbey Bank Statement Dated July 31, 2002;

(11)  Ownbey Bank Statement Dated August 31, 2002;

(12)  Ownbey Bank Statement Dated September 30, 2002;

(13)  Ownbey Bank Statement Dated October 31, 2002;

(14)  Sample Bank Statement produced by Alliance National Bank;

(15)  Wachovia's Exceptions Processing Procedures;

(16)   Certified copy of Linda Henry's forgery conviction.

(17)   Materials that Don Coker used or relied upon to form the

opinions contained in his expert report.

## ATTACHMENT "G-2"

Defendant, Wachovia Bank, N.A., List of Documentary Evidence

1.  Ownbey Enterprises, Inc.'s signature cared for Account No. 12-852-338.

2.  Deposit Agreement for Account No. 12-852-338.

3.  Copy of Ownbey Enterprises, Inc.'s monthly bank statement for Account No. 12-852-338 for June, 2002.

4.  Copy of Ownbey Enterprises, Inc.'s monthly bank statement for Account No. 12-852-338 for July, 2002.

5.  Copy of Ownbey Enterprises, Inc.'s monthly bank statement for Account No. 12-852-338 for August, 2002.

6.  List of 27 forged checks.

7.  Copy(ies) of the check image(s) returned to Plaintiff with J. Rodney Ownbey's name allegedly forged.

8.  Copy(ies) of the check image(s) returned to Plaintiff with the name Donna Lange allegedly forged.

9.  Defendant, Wachovia Bank, N.A.'s First Interrogatories and Request for Production of Documents to Plaintiff.

10. Plaintiff's Response to Defendant Wachovia's First

Interrogatories and Request for Production of

Documents.

## ATTACHMENT "H-1"

None at this time.

**ATTACHMENT "H-2"**

**<u>Defendant Wachovia's Trial Brief:</u>**

Defendant Wachovia Bank, N.A. reserves the right to file a short trial brief at any time prior to the case being called for trial.